Hannum *v.* New Amsterdam Casualty Company, Appellant.

Argued April 20, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edwin Longcope,* with him *Raymond A. White, Jr.,* and *Robert C. Fable, Jr.,* for appellant.

354

*Rowland C. Evans, Jr.*, with him *Krusen, Evans & Shaw*, for appellee.

PER CURIAM, May 9, 1938:

Appellee sued to recover damages for the conversion of stock deposited with appellant as collateral to indemnify the latter for any losses it might sustain on a surety bond filed with the Collector of Internal Revenue. The bond was posted in accordance with the Revenue Act to obtain a stay of collection on a jeopardy assessment for income tax against appellee and her husband. A settlement having been made with the collector, a letter was sent by him to appellant advising that settlement in full had been made and that the bond was released. Upon appellant's refusal to return the collateral, contending that it was doubtful whether the settlement was effective under the Revenue Act to relieve it of future liability, this suit was instituted. Appellant petitioned to remove the case to the United States District Court. This petition was rightfully refused by the court as the issue was plainly one of conversion of stock. It was not justiciable by the federal court within the meaning of the Judicial Code, Sections 24 and 28, 28 U. S. C. A., sections 41 and 71. The only question before the court is whether the collateral was released and wrongfully converted. This is not a question under the Internal Revenue Act even though the bond was given pursuant to its provisions. Federal courts do not acquire jurisdiction merely because a federal statute must be referred to in order to explain a contract. See *St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co.*, 68 Fed. 2, 13. The court below is competent to pass upon the interpretation of a federal statute if it is found necessary in the course of the proceeding. See *Missouri Pacific Railway Co. v. Fitzgerald*, 160 U. S. 556, 583; *Quaker State Oil Ref. Co. v. Talbot*, 322 Pa. 155, 158.

But the order of the court below did not dispose of any of the issues between the parties, nor did it have the

effect of a final adjudication. It is purely interlocutory and no appeal will lie from such an order in the absence of statutory authorization: *Hershey v. Brotherhood's R. & C. Fund,* 290 Pa. 550.

Appeal quashed.