## Dowtin v. Philadelphia Electric Company, Appellant.

Argued May 14, 1941. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George H. Detweiler*, with him *John P. Connelly*, for appellant.

*Maceo W. Hubbard*, with him *Raymond Pace Alexander*, for appellee.

PER CURIAM, May 26, 1941:

This is an appeal from an order of the court below refusing to enter a non pros. and strike off a statement of claim. The plaintiff, having instituted a suit in trespass for personal injuries, delayed filing a statement of claim for a considerable period and on December 3, 1936, a judgment of non pros. was entered for failure to file such statement. On December 31, 1937, counsel for plaintiff, having discovered that the non pros. had been entered without notice to him, moved the court to take off the judgment of non pros. and to grant him permission to file a statement of claim, and a rule to show cause was granted. An answer was filed by defendant and the court, on November 17, 1939, made absolute the rule to take off non pros. and a statement of claim was filed. The opinion of the court below states that the defendant then served a copy of an affidavit of defense on plaintiff but did not file of record the original of the affidavit.

On March 11, 1940, the defendant was granted a rule to show cause why the statement of claim should not be stricken off and judgment of non pros. entered. After answer filed and argument, the rule was discharged and it is from that order that this appeal was taken. The order was interlocutory and the appeal must therefore be quashed. The cases of *Prettyman v. Irwin*, 273 Pa. 522, 117 A. 195, and *Bunting v. Iwai & Co., Ltd.*, 329 Pa. 149, 196 A. 834, are directly in point. In the Prettyman case the late Mr. Justice SIMPSON, after a careful review of the principles and statutes involved, summed up his conclusion in this language (p. 528): "If the rule is made absolute, an appeal lies at once,

for this is a final judgment; if the rule is discharged without prejudice no appeal will lie to the action of the court on the rule, for the disputed question can be raised de novo at the trial of the case; but if the rule is discharged absolutely, the order thus entered being final as to this point but interlocutory as to the case itself, it can be reviewed but only after final judgment in the case and on appeal therefrom."

Appeal quashed.