Whetsel *v.* Shaw, Appellant.

Argued October 2, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*William A. Challener, Jr.,* with him *William A. Challener,* for appellant.

*Arnold M. Replogle,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, November 24, 1941:

Plaintiff has sued defendant, a physician, for damages due to alleged malpractice.

Before trial, plaintiff presented his petition to the court below, asking for an order directing defendant, and his counsel, to show to plaintiff or his counsel, or to such agent as plaintiff's counsel may designate, the hospital record, X-rays and nurses' record of his case, and if these records be not in their possession, to authorize plaintiff, or his counsel, to see the records in a named hospital, and to make copies of the hospital record, X-rays and nurses' record. Acting upon the petition, the court entered what seems to us to be a somewhat remarkable order. It directed defendant to sign a written consent and give it to plaintiff's counsel, authorizing plaintiff, or his counsel, or their agent, to examine the hospital's records, any nurses' records, and any X-ray pictures of plaintiff's case, and to make copies thereof, "and particularly in the case of X-ray pictures, to arrange with said Citizens General Hospital of New Kensington, Pa., for copies to be made by a proper X-ray specialist." The warrant for the order is alleged to be in the Act of February 27, 1798, 3 Sm. L. 303, Sec. 1, 28 PS section 61. We experience difficulty in finding anything in the act justifying such an order. The section of the statute reads: "The supreme court, and several courts of common pleas in this state, shall have power, in any action depending before them, on motion, and upon good and sufficient cause shown, by affidavit or affirmation, and due notice thereof being given, to require the parties, or either of them, to produce books or writings in their possession or power, which contain evidence pertinent to the issue; and if either party shall fail to comply with such order, and to produce such books or writings, or to satisfy said courts why the same is not in the party's power so to do, it shall be lawful for the said courts, if the party so refusing shall be a plaintiff, to give judgment for the defendant as in cases of nonsuit, and if a defendant, to give judgment against him or her by default, as far as relates to such parts of the plaintiff's or plaintiffs' demand, or the defendant's or defendants' defense, to which the books or papers of the party are alleged to apply." It

will be seen that what is covered is the requirement of the parties "to produce books or writings", certainly X-ray pictures are not such. There is nothing in the act which sanctions an order for copies to be made of X-ray pictures by an X-ray specialist. The act is highly penal in its provisions, and we think it should not be extended to cover things beyond its specific terms: *Raub v. Van Horn,* 133 Pa. 573, 19 A. 704.

The penalties provided by the statute for failure to produce would, it seems, be well nigh impossible to carry out in a tort action such as this. As to a defendant the penalty is "to give judgment against him or her by default, as far as relates to such parts of the plaintiff's . . . demand . . . to which the books or papers of the party are alleged to apply." The plaintiff's demand is for damages, certainly damages ought not to be awarded for the mere failure to produce in such an action as this.

Moreover, the Act of 1798 applies only to the production of books and writings *at the trial* and not in advance thereof: *Yorkshire Worsted Mills v. National Transit Co.,* 325 Pa. 427, 190 A. 897. In that case, we said (p. 429) : "This function of equity [bill of discovery] has not been usurped by the reforms in law practice under the Act of February 27, 1798, 3 Smith Laws 303, which permits the use of the subpœna duces tecum for the production of records and documents at trial: *Lesser v. Henry,* 50 Pa. Superior Ct. 440." See also *Dock v. Dock,* 180 Pa. 14, 36 A. 411, wherein we said (p. 21) : "Under the act of 1798 the appellant might have had a rule to produce at trial such letters and alleged copies as appellant could specify with reasonable precision beforehand . . .".

However, the appeal is from an interlocutory order. The court did not dispose of the issue between the parties. No appeal lies in the absence of statutory authority for taking it: *Logan v. Penna. R. R. Co.,* 132 Pa. 403, 19 A. 137; *Quinn v. Penna. R. R. Co.,* 219 Pa. 24, 67 A. 949; *Hannum v. New Amsterdam Casualty Co.,* 330 Pa. 353, 199 A. 331.

Appeal quashed.