## Abernathy v. Pittsburgh Press Co.

576

*James P. McArdle*, for plaintiff.

*Thorp, Bostwick, Reed & Armstrong*, and *J. Roland Johnston*, for defendant.

THOMPSON, J., April 27, 1943.—For the first time since the pretrial branch of this court was established the power and authority of such pretrial court has been called in question, and must now be determined by us.

The above-entitled action is a libel case, which arose out of the publication in the Pittsburgh Press on October 16, 1941, of a certain article alleged by plaintiff to be libelous. This publication took place during a political campaign when plaintiff was a candidate for Sheriff of Allegheny County.

We are advised in the briefs of counsel that other publications of a somewhat similar character going more into detail were subsequently published in the Pittsburgh Press during the same campaign, and counsel for defendants aver in their brief that they have been advised by counsel for plaintiff that these subsequent publications are also to be offered in evidence.

Five subpœnas duces tecum have been issued in this case requiring the public bodies or persons to whom they are addressed to produce certain documents before our pretrial court at a hearing, which was fixed for April 15, 1943. One of the subpœnas duces tecum was addressed to the Pennsylvania Liquor Control Board, another to the Department of Elections of Allegheny County, a third to the Bureau of Building Inspection of the City of Pittsburgh, a fourth to Leo Abernathy,

president, International Alliance of Bill Posters, Billers and Distributors of the United States and Canada, and a fifth to Leo Abernathy and Thomas F. Rodgers, United Bill Posting Company. On the date when these subpœnas were returnable, plaintiff, Leo Abernathy, sought and was granted a rule on defendants "to show cause why the subpœnas duces tecum issued and served by said defendants," etc., should not be quashed. Oral argument has been heard on this rule before a court en banc.

Plaintiff in support of his rule contends: First, that a pretrial court is without authority to compel the production of documents and papers before it by subpœnas duces tecum, and second, that the subpœnas duces tecum issued without petition or order of court are without legal authority. Since the first question raised embraces all the subpœnas which have been issued, we will first give it our consideration and answer.

The pretrial division of this court operates under authority of rules 184 and 185 of this court and also under rule of the Supreme Court of Pennsylvania, which was originally Rule 12 and subsequently Pa. R. C. P. 212. It is well known that pretrial courts have been in existence in England for a good many years and have since been inaugurated in the United States in a number of different States and in the Federal courts.

Some of the objectives of the pretrial court in this jurisdiction are to simplify the issues, procure the presentation and identification of papers, documents, and exhibits of various kinds in advance of the formal trial; to encourage the settlement of cases in advance of the formal trial; to dispose of possible amendments of the pleadings, determine the number of expert witnesses, and in general to do whatever may be reasonably necessary to facilitate and shorten the formal trial.

In our local pretrial court frequent use has been made of the subpœna duces tecum, but this is the first time a question has been raised regarding this or any other power of the pretrial court. The issuance of writs of subpœnas is authorized by the Act of June 16, 1836, P. L. 784, sec. 22, 17 PS §2079, in the following language:

"Each of the said courts is empowered to issue writs of subpœna, under their official seal, into any county of this commonwealth, to summon and bring before the respective court, any person, to give testimony in any cause or matter depending before them, under the penalties hitherto appointed and allowed in any such case by the laws of this commonwealth."

The Act of 1836 does not distinguish between the subpœna to testify and the subpœna duces tecum, and is a general authority to issue writs of subpœna.

It is our opinion that the pretrial court is now a part of the trial procedure in any cause and that for the purpose of carrying out its aims the judge presiding at the pretrial court has all the normal power of a judge of this court and such additional power as is conferred upon him by rules 184 and 185 of this court and Pa. R. C. P. 212 of the Supreme Court. A judge of this court, who for the time being is designated the pretrial judge, is not shorn of his locks while so employed, but on the contrary has such additional powers as are conferred upon him by the rules of court above cited.

The rules to which we have referred when reasonably interpreted, it seems to us, fully justify the production of documentary evidence before the pretrial court by the use of the writ of subpœna duces tecum. If it be not reasonably authorized by other portions of rules 184 and 185 of this court and Pa. R. C. P. 212, it certainly is embraced within the last subdivision of the Supreme Court rule, which is as follows:

"(f) *Such other matters as may aid in the disposition of the action.*" (Italics supplied.)

If the power to issue subpœnas duces tecum cannot be employed in aid of the pretrial court, then the latter will be unable to accomplish its purposes.

Second, have the subpœnas duces tecum above mentioned been properly issued?

As before mentioned, three of the subpœnas duces tecum are addressed to public bodies, one to the Pennsylvania Liquor Control Board, a second to the Department of Elections of Allegheny County, and the third to the Bureau of Building Inspection of the City of Pittsburgh. With respect to these subpœnas the record of this case shows that defendants through their counsel appeared in the assignment room of this court and petitioned the court in writing for the issuance of these subpœnas and that orders of court were made on April 12, 1943, and April 14, 1943.

In seeking an order of court with reference to these proceedings, the defendants were following the provisions of rule 152 of this court, which reads as follows:

"No subpœna duces tecum for public records or papers shall be issued without the special order of the court or one of the judges thereof."

It would appear, therefore, that the requirements of the law have been observed in the issuance of these subpœnas. No question has been raised as to any of the subpœnas being too broad or too comprehensive or vexatious or involving an unreasonable amount of trouble.

Defendant avers that the subpœnas to these public bodies and to the other organizations of a private character all require the production of papers and documents upon which it must rely in supporting the plea which defendant has filed of "not guilty" and "privileged and proper for public information, comment and investigation," and it is not contended that the subpœnas exceeded these limits. Furthermore, it does not appear that any of these public bodies has offered any objection to presenting the records mentioned in these

subpœnas to this court at this time, and it is not clear to us that plaintiff is in a position to object where the parties to whom the subpœnas are directed have themselves made no objection.

The two remaining subpœnas are apparently directed to the plaintiff in one case, and to the plaintiff and Thomas F. Rodgers in another case, as officers respectively of two organizations, one of which is called International Alliance of Bill Posters, Billers and Distributors of the United States and Canada, and the other the United Bill Posting Company. With respect to these latter subpœnas, no objection has been made by the two organizations in question and the sole objection comes from plaintiff himself. It is the contention of plaintiff that these two latter subpœnas should also have been authorized by formal order of court. This has not been the practice of this court and it has been customary for subpœnas duces tecum for many years to be issued in the same manner as these subpœnas have been issued. It has, of course, always been available to the persons or organizations upon whom these writs are served to object to the scope of the subpœna, but no such objection is now being made.

We have been referred by plaintiff to the Act of February 27, 1798, 3 Sm. L. 303, sec. 1, 28 PS §61, which reads as follows:

"Power of the courts to compel the production of books and papers:— . . . the Supreme Court and several Courts of Common Pleas in this state, shall have power, in any action depending before them, on motion, and upon good and sufficient cause shewn, by affidavit or affirmation, and due notice thereof being given, to require the parties, or either of them, to produce books or writings in their possession or power, which contain evidence pertinent to the issue; and if either party shall fail to comply with such order, and to produce such books or writings, or to satisfy said courts why the same is not in the party's power so to do, it shall be law-

ful for the said courts, if the party so refusing shall be a plaintiff, to give judgment for the defendant as in cases of non-suit, and if a defendant, to give judgment against him or her by default, as far as relates to such parts of the plaintiff or plaintiffs demand, or the defendant or defendants defence, to which the books or papers of the party is alleged to apply."

And also to the case of Whetsel v. Shaw, 343 Pa. 182, in which the Act of 1798 has been discussed. The Act of 1798 provides for the production of books or writings by the parties themselves and not by third parties and it prescribes severe penalties upon the parties for failure to produce such documents. The word "subpœna" is not used in the act and the act was passed more than 100 years before pretrial courts were thought of.

Under the subpœnas now in question no documents in the possession of the parties are involved where the subpœnas are directed to the Pennsylvania Liquor Control Board, the Department of Elections of Allegheny County, and the Bureau of Building Inspection of the City of Pittsburgh.

In the case of Whetsel v. Shaw, supra, the Supreme Court has indicated that what was sought in that case was an order to permit the plaintiff or his counsel, or such agent as plaintiff's counsel might designate, to examine the hospital records, nurses' records and X-ray pictures and to make copies of the same, and in the case of X-ray pictures to have copies made by an X-ray specialist. The court said at page 183:

"It will be seen that what is covered is the requirement of the parties 'to produce books or writings', certainly X-ray pictures are not such. There is nothing in the act which sanctions an order for copies to be made of X-ray pictures by an X-ray specialist. The act is highly penal in its provisions, and we think it should not be extended to cover things beyond its specific terms: Raub v. Van Horn, 133 Pa. 573, 19 A. 704. . . .

"Moreover, the Act of 1798 applies only to the production of books and writings *at the trial* and not in advance thereof".

It does not seem to us that the Act of 1798 is applicable to the situation which we are now considering. If there were anything in that act, which might by any possibility be construed as invalidating the subpœnas which are now before us, it would be to such extent superseded by rule 212 of the Supreme Court procedural rules and the Act of 1836. In view of our conclusion that the pretrial procedure is a part of the whole system of trial, it seems to us that the case of Whetsel v. Shaw, supra, is not applicable to the question now involved.

In view of the request of counsel for both parties in this case that the court indicate what may be required of them at an adjourned pretrial conference, it is perhaps proper for us to say that it is the duty of both the parties to this case to produce at the pretrial such writings, records, and documents as are referred to in the pleadings and as are a necessary part of the proof of either party as determined by the issues raised in the pleadings. Collateral papers, however, are not required to be produced at pretrial. We have particularly in mind writings of any kind which might affect the credibility of witnesses who may be called, but which are not affirmatively required to establish the contentions of either of the parties. The documents mentioned in the subpœnas which may be essential in establishing the plea of defendants should be produced at pretrial.

The rule to show cause issued to plaintiff will, therefore, be discharged.

### Order of court

And now, to wit, April 27, 1943, the rule granted to plaintiff on April 16, 1943, to show cause why the subpœnas duces tecum issued and served upon the vari-

ous persons and organizations named should not be quashed is now discharged.