## Egan v. Plotnick, etc.

*Arthur M. Soll*, for plaintiff.

*Jerome L. Markovitz*, for defendant.

BOK, P. J., May 31, 1944.—This is a plaintiff's rule to compel defendant, before trial, to open its books so that plaintiff can determine, in order to declare, what goods were delivered by defendant to its customers between certain dates. Plaintiff claims commissions on these deliveries.

We see no authority for such a rule, except under the Act of February 27, 1798, 3 Sm L. 303, sec. 1, 28 PS §61. Many lower court cases have decided, apparently on the basis of this act, to grant relief, but the Supreme Court has flatly declared, in Whetsel v. Shaw, 343 Pa. 182 (1941), that the Act of 1798 applies only to the production of books and writings at

the trial and not in advance of it. Possibly these lower court cases were based on the idea that authority existed at common law to make such an order. But it seems that the Act of 1798 was intended to supply the want of method at common law of compelling the production of papers at trial (5 Pa. Standard Practice, sec. 657, p. 487), and if that is so then there is less reason to suppose that the common law allowed the compulsory production of evidence before trial. There was a common-law rule allowing notice to produce at trial on pain of having secondary evidence admitted, but that is a different matter.

A better method of securing this evidence in advance of trial is by a bill of discovery, and it is available to plaintiff: Yorkshire Worsted Mills v. National Transit Co., 325 Pa. 427 (1937). Our discharging his pressent rule shall be without prejudice to his right to proceed in equity, as an aid to his current action at law.

The rule is discharged.