## Pennsylvania Labor Relations Board v. Yellow Cab & Bus Company

*Lewis R. Long,* for appellant.

*George L. Reed, James H. Duff,* Attorney General, and *M. Louise Rutherford,* Deputy Attorney General, contra.

FRACK, J., February 12, 1945.—This matter is before the court on a motion made by the Pennsylvania Labor Relations Board to quash an appeal taken by Yellow Cab & Bus Company from an order made by the board amending the complaint originally issued in this proceeding. The appeal is alleged to have been taken pursuant to section 9(b) of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended by the Act of May 26, 1943, P. L. 651, 43 PS §211.9, which reads as follows:

"Any person aggrieved by a final order of the board granting or denying, in whole or in part, the relief sought, or by an order certifying a collective bargaining agent of employes, may obtain a review of such order in the court of common pleas of any county where the unfair labor practice in question was alleged to have been engaged in, or wherein such person resides or transacts business by filing in such court a written petition praying that the order of the board be modified or set aside. . . ."

This is not a review of an order by the board certifying a collective bargaining agent of employes.

The board in this action issued a complaint pursuant to charges duly filed, charging respondent with unfair

labor practices within the meaning of section 6, subsec. 1, cl. (*a*) and (*c*) of the Pennsylvania Labor Relations Act. The original complaint alleges and complains that the company by and through its officers and president did: (1) Threaten to close and discontinue the business of the company if the Transport Workers Union of America succeeded in organizing its employes; (2) did state to a number of its employes that the company preferred to discharge the entire force of its employes rather than to recognize the Transport Workers Union of America as their collective bargaining representative; and (3) did terminate the employment of two employes specifically named because of their known membership in, association with, and activities on behalf of, the labor organization known as the Transport Workers Union of America, and for the purpose of discouraging membership therein.

The board ordered a hearing on the complaint and respondent filed an answer denying the charges of unfair labor practices. A trial examiner to take the testimony was appointed and testimony was taken before him for two days. At the conclusion of the second day's hearing counsel for the union moved orally to amend the complaint. Counsel for respondent entered a formal objection to the motion to amend and "pleaded surprise if the motion to amend were granted", and asked for a continuance of the hearing. The trial examiner granted a continuance.

Counsel for the union then filed a formal written charge and a motion under oath to amend the complaint. The board issued an order amending the complaint, wherein it was averred that four other named employes had been discharged by respondent because of their known membership in, association with, and activities on behalf of the labor organization known as the Transport Workers Union of America and it was further averred in the amendment that the company had interfered with the said employes by reason of their membership and their activities in behalf of the

union. Respondent filed an answer to the amended complaint and filed exceptions to the order of the board allowing the amendment. The board fixed a date for the hearing 13 days after the issuance of its order amending the complaint.

On the day before the date fixed as aforesaid for the hearing, respondent presented a petition to this court to set aside the order of the board and asked for the allowance of an appeal from the order amending the complaint, with the further prayer that all proceedings and hearings be stayed and that the board file a transcript of the record with the court. Before the transcript of the record was filed in the prothonotary's office, the board requested and the court ordered that the transcript be filed without prejudice to the right of the board to move to quash the appeal.

The reasons assigned by the board in the motion to quash the appeal are the following: (1) The appeal is from an order amending the original complaint charging unfair labor practices and the right of amendment is provided for in the Pennsylvania Labor Relations Act; (2) the order appealed from is an interlocutory order and is not an appealable order; (3) an appealable order is limited to a final order only as defined in section 9(b) of said Pennsylvania Labor Relations Act; (4) the board had exclusive power to adjudicate the merits of the case and the appeal prevents the board from performing its duties to determine the merits of the case and issue an appropriate order; (5) the order amending the complaint was within the proper administrative discretion of the board and according to law.

In an answer filed, respondent traverses the reasons assigned in the motion to quash the appeal and further alleges that the board has no right to file or prosecute this motion to quash the appeal.

The Pennsylvania Labor Relations Act is largely patterned after the National Labor Relations Act of July 5, 1935, ch. 372, 49 Stat. at L. 449, 29 U. S. C.

§151 et seq. The provisions of the two acts which have a difference in verbiage are not involved materially on any question requiring our consideration. Because the provisions of the Pennsylvania act, which are applicable to the problems of this case, are identical with, or fundamentally similar to, the provisions of the Federal act, the decisions of the Federal courts herein cited on these questions are persuasive authority whenever there is an absence of judicial precedents thereon established by Pennsylvania court cases.

In the first reason assigned in the motion to quash the appeal, the board states that the appeal is from an order made by it amending its complaint, and that the amendment was made pursuant to section 8 (b) of the Pennsylvania Labor Relations Act of 1937, 43 PS §211.8, which expressly provides:

"Any such complaint may be amended by the board, member or agent conducting the hearing at any time prior to the issuance of an order based thereon."

At the time of the allowance of the amendment, respondent in the notice thereof was advised that a further hearing on the complaint as amended would be heard at the Municipal Building, Bethlehem, Pa., on a designated day, which was 13 days thereafter. Respondent in the answer filed to the motion to quash complains that the board did not give it the statutory right "to file an answer to the . . . amended complaint and to appear in person or otherwise give testimony at the time and place set in the complaint", and that there exists a right to appeal for such deprivation of its express statutory rights. It is contended that respondent was deprived of due process of law so that the action of the board should be immediately set aside. The rules and regulations defining and establishing the practice and procedure before the Pennsylvania Labor Relations Board adopted December 18, 1939, and effective January 1, 1940, however, give respondent in an unfair labor practice complaint 10 days from the time of service thereof to file an answer. A more complete

answer to this allegation is that respondent actually did file an answer to the amended complaint five days after the entry of the order and the board made the answer a part of the record of the case. It is apparent, therefore, that the board, which had the right to amend, did not deprive respondent of the right to file an answer to the amended complaint nor was the company deprived of the right to give testimony at the time and place set in the amended complaint. No contention is made that there was insufficient time allowed for respondent to prepare itself for the hearing. Thus, respondent has not established a denial of due process on this point.

As noted, counsel for the union made a motion to amend. In the language of the motion the purpose is to "amend the complaint by adding four additional causes of action". Respondent states, "it is fundamental that a litigant cannot amend so as to authorize the substitution or introduction of any causes of action", and that "the board's order states that it adds additional causes of action". We, however, are not bound by the particular label placed on an act or an order. It is the substance of what is purported to be done, or what has been done in an order which is decisive: Columbia Broadcasting System, Inc., v. United States et al., 316 U. S. 407.

The original complaint charges respondent with having engaged in unfair labor practices within the meaning of section 6, subsec. 1, cl. (a) and (c) of the Pennsylvania Labor Relations Act. One of the specifications in the original complaint is that respondent terminated the employment of two employes, mentioned by name, because of their known membership in, association with, and activities on behalf of the Transport Workers Union of America. The amendment merely adds thereto four other named employes alleged to have been discharged for the same reason, resulting in an identical complaint referable to the same basic charge, concerning six, instead of two, employes. A ruling of this character permitting an amendment by adding names

is discretionary, affording no ground for challenging the validity of the proceeding: Consolidated Edison Co. et al. v. National Labor Relations Board et al., 305 U. S. 197. Manifestly, good practice and a spirit of fairness to avoid harassment and multiplicity of proceedings dictate the consolidation of all current grievances against the same employer into a single complaint: National Labor Relations Board v. Thompson Products Co., Inc., 130 F. (2d) 363, 366.

It is, however, within the discretion of the board as to what and how many matters touching the same employer shall be included in a complaint prepared by the board: National Labor Relations Board v. Tex-O-Kan Flour Mills Co., 122 F. (2d) 433. And it has also been held that a complaint charging unfair labor practice must state only the manner by which the employer has engaged in unfair labor practices and which of the practices defined in the act were in question, and need not contain names of individuals involved or time and place of occurrences of such acts: National Labor Relations Board v. Pacific Gas & Electric Co., 118 F. (2d) 780.

Counsel for respondent falls into error in that he regards a specification of unfair labor practice, which mentions the names of individual employes alleged to be affected, to be for the enforcement of a private right possessed by each individual named, so that this proceeding is considered by respondent as somewhat in the nature of a private "action at law" redressing individual wrongs to individual employes. The proceeding authorized to be taken by the National Labor Relations Board under the National Labor Relations Act is not, however, for the adjudication of private rights. The board acts in a public capacity to give effect to the declared public policy of the act: National Licorice Co. v. National Labor Relations Board, 309 U. S. 350. The procedure, therefore, is not a private one to enforce private rights, but is a public procedure looking only to public ends: National Labor Relations Board v. West

Kentucky Coal Co., 116 F. (2d) 816; Agwilines, Inc., v. National Labor Relations Board et al., 87 F. (2d) 146; National Labor Relations Board v. Mall Tool Co., 119 F. (2d) 700; National Labor Relations Board v. Williamson-Dickie Mfg. Co., 130 F. (2d) 260. Although private relief is afforded to employes through enforcement of orders of the National Labor Relations Board, the board's powers may be invoked only when there is a public right to be protected; and its processes are never available to a private suitor: National Labor Relations Board v. Newark Morning Ledger Co., 120 F. (2d) 262, cert. den. 314 U. S. 693.

To summarize, a proceeding under the National Labor Relations Act and under the Pennsylvania Labor Relations Act is not litigation between private parties, even though the inquisitorial and corrective powers of each labor relations board may not be invoked without a charge being lodged, but is a proceeding by a public regulatory body in the public interest, and the proceeding is neither punitive nor compensatory but essentially preventive and remedial to implement a public economic policy through remedies unknown to the common law: National Labor Relations Board v. Thompson Products, Inc., supra; United Retail Employees of America, Local No. 134, v. W. T. Grant Co., Inc., 341 Pa. 70.

Under the aforesaid provisions of the act, the complaint may be "amended by the Board . . . at any time prior to the issuance of an order based thereon". The provisions of the Pennsylvania Labor Relations Act bestow full power upon the board in its discretion and in its quasi-judicial capacity, to issue a complaint after a charge is filed, and to amend the complaint prior to the time stated, and to hear in the first instance all controversies arising under and pursuant to the terms of the act. The court has no concurrent jurisdiction with the board to exercise the powers expressly stated by the act to be initially exercised by the latter. The powers to be initially exercised by the Labor Relations

Board within the scope of its authority under the Pennsylvania Labor Relations Act are not subject to actions of courts until resort is had to courts for aid in enforcing orders or upon appeal: Western Pennsylvania Hospital et al. v. Lichliter et al., 340 Pa. 382. We are not concerned here with a review of an order certifying a collective bargaining agent, the only non-final order of the board which is reviewable under the terms of the act. If respondent wants a review of the order to amend the complaint, it must, under the act, be raised on, and in connection with, an appeal from a final order. This is apparent upon a consideration of the nature of the order involved in this case and of the law on "appeals" referable to interlocutory orders as well as final orders.

Generally, rulings by a trial tribunal are not to be reversed in part but all alleged errors will be considered at the end of the proceeding: Frank P. Miller Paper Co. v. Keystone Coal & Coke Co., 275 Pa. 40. The law aims to dispose of litigation by a single appeal, and preliminary orders are not appealable in advance of final judgment or final order, except when made so by statute: Wood v. Harlan, 78 Pa. Superior Ct. 92; Lewis v. Beatty, 306 Pa. 242. Unless there exists such a statute, Coleman, Admr., et al. v. Huffman et al., 348 Pa. 580, and unless a special right to appeal from an interlocutory order is expressly given by the statute, an appeal will lie only from a definite order, decree or judgment which finally determines the action: Paul v. Smith, 343 Pa. 63.

A judgment or order or decree which is made during the pendency of an action, which does not determine the issues joined between the parties and leaves something to be done in the adjudication of their substantial rights, and which does not dispose of the case, but leaves it for further action by the court or trial tribunal in order to settle and determine the entire controversy, is interlocutory: Frank P. Miller Paper Co. v. Keystone Coal & Coke Co., supra; Hannum v. New Amster-

dam Casualty Co., 330 Pa. 353; Ball et al. v. Hill, 346 Pa. 283; Commonwealth v. Shafer, 142 Pa. Superior Ct. 268; Paul v. Smith, supra; Dowtin v. Philadelphia Electric Co., 342 Pa. 170; East & West Coast Service Corp. v. Papahagis, 340 Pa. 575; Lewis v. Beatty, supra. Also in accord: In re Greer et al., 41 S. W. (2d) 351; Lincoln Joint Stock Land Bank v. Barnes et al., 143 Neb. 58, 8 N. W. (2d) 545; Evans State Bank v. Skeen et al., 167 Pac. 1165; Johnson et al. v. Robinson et al., 88 S. E. 231; Pennsylvania Company for Insurances on Lives and Granting Annuities v. Deckert, 123 F. (2d) 979.

A "final order" is one which ends the action or proceeding before the tribunal which makes it, leaving nothing further to be determined by that tribunal or required to be accomplished other than the administrative execution of the decision: Charles Noeding Trucking Co. et al. v. United States et al., 29 F. Supp. 537, 544. The judgment or decree is "final" for purpose of appeal when it terminates the litigation on the merits: Korematsu v. United States, 319 U. S. 432; Frank P. Miller Paper Co. v. Keystone Coal & Coke Co., supra; Washington Trust Company Account, 350 Pa. 363; and is not "final" so as to be appealable unless it terminates the litigation between the parties to the suit: Sinking Spring Water Co. v. Gring, 257 Pa. 340; Keasbey's Trust Estate, 342 Pa. 439; thereby precluding the parties from further action in the tribunal rendering the decree.

Mere issuance by a labor board of a complaint and giving notice of a hearing thereon is not a final order which is appealable: Thompson Products, Inc., v. National Labor Relations Board, 133 F. (2d) 637. An amendment to a complaint is a mere interlocutory determination and not a final order.

The New York Labor Relations Act, as does the Pennsylvania Labor Relations Act, authorizes an appeal "by a person aggrieved by a final order of the Board granting or denying in whole or in part the relief

sought." This language permits to an employer charged with unfair labor practices a review of rulings of the board only where they determine that employer has been guilty of unfair labor practices and order him to do or cease doing something: Wallach's, Inc., v. Boland et al., as Members of New York State Labor Relations Board, 277 N. Y. 345, 2 N. Y. S. (2d) 541. See also Stewart Die Casting Corp. v. National Labor Relations Board, 132 F.(2d) 801.

Where a statute, like the Pennsylvania Labor Relations Act, expressly commands a limitation of judicial review, the legislative provisions conferring the right of review must be strictly adhered to for the legislature may place limitations upon the right of appeal: Smith v. Scholl, 262 Pa. 124; Carroll's Appeal, 336 Pa. 257.

Accordingly, we hold that respondent is not asking for a review of an appealable final order of the board under the act "granting or denying in whole or in part the relief sought" in the complaint sur alleged unfair labor practices on the part of respondent.

We find by reason of the appeal, thus improperly taken, that the court order giving leave to take the appeal stays further proceedings by the board, so that it cannot complete the taking of testimony on the complaint, nor can it state its findings of fact together with an appropriate order upon the charges of unfair labor practice. The appeal improperly prevents a determination of the merits of the case and prevents the board from performing its duties under a statutory command, and under powers expressly and exclusively conferred to be exercised by it initially without resort to actions of courts.

Respondent contends that the board is helpless to take any steps to put itself in a position to act further, and that some one other than the board, without any suggestion as to whom it should be, must act to challenge or argue the instant appeal. With this contention we cannot agree. Powers expressly conferred also include such incidental implied powers as are necessary

to carry into effect those which are expressly granted: Anderson v. Taconic State Park Commission et al., 287 N. Y. 668, 25 N. Y. S. (2d) 473; State ex rel. Brokaw et al. v. Board of Education of City of St. Louis et al., 171 S. W. (2d) 75, so that always there are such implied powers as are requisite for a complete discharge of the express powers and duties: Speer et al. v. Kratzenstein et al., 143 Neb. 300, 9 N. W. (2d) 306. An "implied power" rests on necessity, finds justification in an express power, and functions as an essential aid in fulfilment of purpose to which the parent power is directed: Chittenden v. Jarvis et al., 297 N. W. 787. This doctrine is recognized in Pennsylvania: Commonwealth ex rel. v. Camp, 150 Superior Ct. 649, allocatur refused 150 Pa. Superior Ct. xxiv.

The case at bar is different from Pennsylvania Labor Relations Board v. Heinel Motors, Inc., 344 Pa. 238, relied upon by respondent's counsel. In the latter case, the board had performed all its duties and had rendered a decision after the testimony had been taken. When the court of common pleas, upon appeal to it, had rendered its decision, the board, with no such duty expressly or impliedly imposed on it, took an appeal to the Supreme Court, which the court felt converted the board into a litigant.

In the instant proceeding, the board merely asks that it be permitted to discharge its duties under the act. The provisions of the act must be liberally construed to effectuate its purposes. Accordingly, for the complete discharge of its express powers and duties, we hold the board has the right to file a motion to quash this appeal so that the record can be remitted for further proceedings required of it under the provisions of the Pennsylvania Labor Relations Act.

And now, February 12, 1945, the motion to quash the appeal of Yellow Cab & Bus Company is sustained and the prothonotary is directed to remit and return the record filed in this matter to the Pennsylvania Labor Relations Board for further proceedings to be had

by it in accordance with the provisions of the Pennsylvania Labor Relations Act. Appellant to pay the costs of this appeal.