## Shoemaker & Busch, Inc., v. George F. Lee, Inc.

*Harold Kaminsky*, for plaintiff.
*Robert L. Franke*, for defendant.

McCANN, P. J., June 9, 1947.—To the above number and term a writ of summons in assumpsit was issued returnable the third Monday of May 1945. Plaintiff, Shoemaker & Busch, Inc., filed a statement of claim, in which it claimed the sum of $479.64, with interest from October 22, 1942, for goods sold and delivered. Attached to the statement was an itemized statement of hundreds of items of merchandise alleged to have been sold and delivered upon the dates stated thereon.

Defendant, George F. Lee, Inc., filed a petition for rule to show cause why plaintiff should not produce

at the office of its attorney at Johnstown all its books of original entry from the time of the original opening of the account between the parties up until the time of the filing of the statement of claim; and no answer being filed thereto, on June 25, 1945, the court made the following order:

"And now, June 25, 1945, a rule is granted on Shoemaker & Busch, Inc., to show cause why it should not produce at the offices of its attorney, Leonard Sobol, Esq., for examination by George F. Lee, Inc., its original books in which are carried a statement of the items of merchandise sent to your petitioner from the years 1934 to 1942 and the books in which are entered the payments made by George F. Lee, Inc., to Shoemaker and Busch; and the original invoices posted to the account of George F. Lee, Inc., and any other books which would show the method of the application of the payments made by George F. Lee, Inc., to Shoemaker and Busch, Inc., returnable the fourth Monday of July 1945. All proceedings to be stayed meanwhile. By the court McCann, P. J."

Subsequently, a petition to vacate the order to produce the books and records was filed by plaintiff, Shoemaker & Busch, Inc., in which it represented that the rule should not have been issued for the reason that there is neither statutory nor case authority for the order, and that such order places an unfair burden on petitioner which it is not required by law to assume; and further averring that defendant's petition was filed to obtain for defendant the right to conduct a "fishing expedition in the books and records of petitioner to discover petitioner's evidence in support of its claim and to delay petitioner in the prosecution of this suit"; and further alleging that an examination of petitioner's books and records is not necessary to enable defendant to plead any defense which defendant might have, and prays that a rule be granted upon

defendant to show cause why the order of June 25, 1945, requiring petitioner to produce its books and records should not be vacated. Upon this petition the following rule was entered:

"And now, August 22, 1946, upon consideration of the foregoing petition, the court grants a rule on defendant to show cause why the order entered by the court herein, as of June 25, 1945, requiring plaintiff to produce its books and records should not be vacated. Rule returnable the first Monday of September 1946. By the court: Griffith, J."

No action has been taken by the court on defendant's petition. Counsel for plaintiff and defendant have stipulated that plaintiff's petition to vacate may be regarded as an "answer" to defendant's original petition to produce books and records, and that the question of whether plaintiff shall be required to produce its books and records shall be determined upon the present state of the pleadings.

Defendant in its petition admits that it had a running account with plaintiff and that the said account was in arrears. Defendant alleges, however, that it was led to believe that the old account was paid and that funds thereafter forwarded to plaintiff were being applied to current purchases. Defendant further avers that it has cancelled checks paid to plaintiff, but that defendant is unable to determine the application of these payments by plaintiff between old and current purchases and that an examination of plaintiff's books and records is necessary to enable defendant to prepare its affidavit of defense.

Plaintiff in its "answer" (petition to vacate) avers that defendant is seeking to conduct a "fishing expedition" in the books and records of plaintiff to discover its evidence in advance of the trial; that defendant is not entitled under the law to examine plaintiff's books and records before trial; and that, in any event, defendant does not require such examination to

determine the amount owing to plaintiff, as such amount can easily be calculated by comparing the total of its cancelled checks to the total of the purchase prices as set forth in the invoices.

The question before the court is: In a suit for goods sold and delivered, is defendant entitled to examine the books and records of plaintiff in advance of trial to enable defendant to ascertain the application by plaintiff of funds paid on account and thereby to plead the defense of payment?

We are satisfied that in a suit in assumpsit for goods sold and delivered, there is no doubt that under the Act of February 27, 1798, or at common law, there is no authority which will support an order permitting defendant to examine plaintiff's books and records to enable defendant to prepare an affidavit of defense. This has always been regarded as an extraordinary remedy in Pennsylvania, and its use has been restricted. In Raub v. Van Horn, 133 Pa. 573 (1890), the Supreme Court indicated that the Act of 1798 is to be confined to the production of books and records at the trial. Whatever question there may have been as to the implication of that opinion has been settled by the recent case of Whetsel v. Shaw, 343 Pa. 182, 184, wherein the court stated: "Moreover, the Act of 1798 applies only to the production of books and writings at the trial and not in advance thereof." See also United States Gypsum Company v. Birdsboro Steel Foundry & Machine Company, 50 D. & C. 540; Egan v. Plotnick, 51 D. & C. 68. The relatively few cases which approve a rule to produce books and records in advance of trial, before the decision in Whetsel v. Shaw, supra, restricted their approval to certain well-recognized categories. These are clearly expressed in 5 Standard Pa. Practice, 474, §634:

"(1) Where one party relies upon an instrument in the custody of another which is necessary to his case, and in which he has an interest entitling him to in-

spection; (2) to enable a party to declare or defend upon a contract to which he is a party and which is in the possession of the other party thereto; (3) where a relation of agency exists between the parties, which gives both an interest in the accounts; (4) or where a signature is desired to be proved by a witness whose deposition must be taken before trial."

However, this does not arise in the present case. In this case defendant admits the account and also the fact that payment was in arrears. Defendant claims, however, that it must examine plaintiff's books to prepare a plea of payment. The burden of such an affirmative defense rests upon defendant. The establishment of what payments have been made is the responsibility of the party alleging such payments. Defendant admits that it has the cancelled checks of payments made on account. There is no reason why defendant cannot determine the balance due plaintiff by the simple process of adding the amount of each check and comparing such total to the total of the prices of the goods purchased. If there is any difficulty and the case warrants, a subpœna duces tecum will enable defendant to determine at the trial whether or not the charges are proper.

We are satisfied, therefore, that the rule granted on August 22, 1946, on defendant to show cause why the order entered by the court herein as of June 25, 1945, requiring plaintiff to produce its books and records should not be vacated, should be made absolute.

We, therefore, enter the following

### Decree

And now, June 9, 1947, the rule heretofore granted on August 22, 1946, on defendant to show cause why the order entered by the court herein as of June 25, 1945, requiring plaintiff to produce its books and records should not be vacated, is made absolute.