## Leonard, Executrix, v. Dolaway

*Driscoll, Gregory & Coppolo*, for plaintiff.
*Edwin W. Tompkins*, for defendant.

HIPPLE, P. J., May 25, 1951.—Plaintiff, executrix of the last will of Dewey Leonard, deceased, filed a complaint in assumpsit alleging that defendant, owner of the Warner Hotel in Emporium, Cameron County, Pa., is indebted to the estate of Dewey Leonard in the sum of $5,584.14, with interest from October 7, 1948, for work and materials furnished on a "cost plus 10 per cent" contract for remodeling defendant's hotel; that Dewey Leonard, a building contractor before his death on June 24, 1948, on or about October 18, 1945, executed a contract with defendant for the remodeling of and construction of an addition to the hotel, and supplied the labor and materials for the work and repairs set forth in an account of decedent's books of entry, a copy of which is attached to the complaint as exhibit A. Defendant filed a petition for a more specific statement of claim, alleging that the complaint was vague, indefinite and lacking in particularity in that plaintiff: (a) Does not specify anywhere in the complaint the source of any material; (b) at no time rendered defendant nor attached to the complaint invoices for the materials or the sources thereof; (c) has lumped labor costs without specifying names of workmen, the days on which they worked, or the rates charged therefor, and (d) no bills were attached to the complaint.

Defendant's motion should be granted and plaintiff should file a more specific statement of claim. After June 1, 1951, it is doubtful if such order will be the remedy for the situation here involved, for, pursuant to the new Rules of Civil Procedure as to Depositions

and Discovery, adopted November 20, 1950, effective June 1, 1951, plaintiff could be ordered to produce and permit inspection by defendant, before trial, of all relevant papers and records in plaintiff's possession, but as the law now is, there is no remedy for defendant before trial other than a bill in equity for discovery, or a more specific statement of claim.

Defendant contends that he is unable to answer the complaint effectively unless he has this information because he cannot ascertain whether the cost of the materials furnished and labor performed are the actual or fair and reasonable charges for such items without knowing their source, and that it is unjust to compel him to rely only on plaintiff's alleged copy of the books of entry up to the time of trial, for he then cannot adequately prepare his defense by checking the source of materials, etc. At the trial of the cause, the requested information could be made available by supoena duces tecum, or under the Act of February 27, 1798, 3 Sm. L. 303, sec. 1, 28 PS §61, but, as defendant points out, this does not give him the information in time to prepare his case, and would likely result in a protracted trial. Therefore, knowledge before trial is essential.

While it was originally thought that the Act of 1798 was available to compel the production *before* trial of books and papers (5 Standard Pa. Practice 473), later cases have restricted its function to the trial itself: Peoples City Bank v. John Hancock Mutual Life Insurance Company, 353 Pa. 123; Whetsel v. Shaw, 343 Pa. 182. Therefore, until the new Rules as to Depositions and Discovery are effective, the only other remedies available to defendant are a more specific statement of claim, or a collateral action by means of a bill for discovery.

Plaintiff argues that, if she makes her complaint more specific, she will in effect be pleading *evidence* rather than the *ultimate facts*, which are all she is bound to

plead under Rule 1019(*a*) of the Rules of Civil Procedure. Rule 1019(*a*) states: "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." The "material facts" on which plaintiff sues include the names of the suppliers and the workmen, what they furnished, how much time they worked, and the cost thereof to plaintiff's decedent, for plaintiff is suing on these costs, plus 10 percent. If she was suing on a contract for a specific amount, she would be obliged to allege the terms of the contract, and in a suit on a cost plus contract, relevant and material terms are the sources and costs of the items on which the percentage-plus is added. Therefore the "material facts" which rule 1019(*a*) requires are the very items which defendant requests in his petition for a more specific statement of claim.

The purpose in requiring plaintiffs to allege material facts in their complaint is to give defendants notice of what propositions will confront them at the trial and permit them a reasonable opportunity to prepare to meet them. In Commonwealth ex rel. Duff v. Huston, 58 Dauph. 100, the court held:

"Where allegations of fact are not clear enough to enable the defendant to sufficiently prepare evidence to meet them at the trial, a more specific statement is the remedy." (Syllabus.)

This avoids the element of surprise to defendants at the trial and permits a more just and full hearing from both sides.

In Lewis v. Felice, 2 Del. Co. 129, it was held that a plaintiff, claiming the fair and reasonable value of work done and materials furnished, should set forth in detail the work performed and the quantity, type, trade name and exact description of the materials.

### Order

Now, May 25, 1951, the rule to show cause why plaintiff should not be required to file a more specific

statement of claim is made absolute, and plaintiff is ordered, within 20 days from the date hereof to file a more specific statement of claim, setting forth the source of the material supplied by her decedent, the invoices therefor, the names of the various laborers and workmen employed together with the number of days each worked, and the charges made by the workmen.