## A. H. LOGAN ET AL. v. PENNSYLVANIA R. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF McKEAN COUNTY.

Motion February 1, 1890—Decided February 17, 1890.

1. An order made pending an action at law, on petition and motion under § 1, act of February 27, 1798, 3 Sm. L. 303, requiring the defendant to produce on the trial of the case papers and writings in his custody and possession, is interlocutory and not reviewable by the Supreme Court before final judgment in the court below.

2. [In this case, in the court below, an order prayed for by the petition of the plaintiffs, for the production on the trial of books and papers in the defendants' possession, was refused, in so far as it was sought by them to establish a liability of the defendant to the plaintiffs for a penalty imposed by an act of assembly.]

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 123 January Term 1890, Sup. Ct.; court below, No. 130 December Term 1887, C. P.

On October 26, 1887, A. H. Logan, Lewis Emery, Jr., and W. R. Weaver, partners as Logan, Emery & Weaver, brought assumpsit against the Pennsylvania Railroad Company filing a statement of claim which averred:

" 1. The plaintiffs . . . . . demand of the defendant, the Pennsylvania Railroad Company, a corporation created by the state of Pennsylvania, the sum of one hundred and seven thousand one hundred and twenty dollars and seventy cents

($107,120.70), with interest thereon from the several days of receipt thereof by the said defendant, which sum is justly due to the plaintiffs from the defendant upon its assumption to pay the same upon the days of the receipt thereof, and being for the sum aforesaid had and received by the defendant from the plaintiffs and for their use, as shown by the schedule and statement hereto attached and made a part hereof, which sum the defendant justly owes with interest, and has not been paid, though often requested.

"2. And the said plaintiffs also demand of the said defendant the sum of three hundred and twenty-one thousand three hundred sixty-two dollars and ten cents ($321,362.10), which sum is justly due to the plaintiffs from the defendant upon its assumption to pay the same on the several days of the receipt thereof, the same being for treble damages allowed by the act of assembly of Pennsylvania, approved June 4, 1883 [P. L. 72], for and on account of undue and unreasonable discrimination by the defendant, as a common carrier, in the charges made and collected of the plaintiffs in excess of the sum charged and collected of others for the same service, from and to the same places, upon like conditions and under similar circumstances, and at the same times, to wit: in the transportation of petroleum from points of shipment upon the lines of its railways and in the counties of McKean, Warren, Washington, Venango and Crawford, and from Milton station, in the state of Pennsylvania, to or near Philadelphia in the state of Pennsylvania, as shown by a schedule statement hereto attached and made a part hereof, showing the dates and amounts of such petroleum transported, and the rate and amount of freight paid, which sum the defendant justly owes and has not paid, though often requested so to do."

The defendant company filed an affidavit of defence, and subsequently the cause was put at issue under the pleas of non-assumpsit, payment, and the statute of limitations.

On April 12, 1888, the plaintiffs presented a petition which set forth as follows:

"That the above named defendant, the Pennsylvania Railroad Company, has in its power and possession, at its office in the city of Philadelphia, certain writings which contain evidence pertinent to the issue in the above entitled case; that the

aforesaid writings are statements of claim or demand upon the said defendant for rebates, allowances or deductions made on account of freight paid for the shipment of refined and crude oil between the first day of October, 1880, and the first day of January, 1887, from various points in the oil region, and Olean and Pittsburgh, to Philadelphia, New York, Communipaw, Baltimore, Boston, and other points of eastern delivery, by Malcom Lloyd, Atlantic Refining Company Limited, J. A. Bostwick, and the Philadelphia Refining Company, of Philadelphia, Pa., Henry A. Holdship, Miller & Sons, A. D. Miller, Waverly Oil Company, S. M. Willock, B. B. Campbell, Bear Creek Refining Company and D. P. Reighard, of the city of Pittsburgh, Pa., Rice, Robinson & Withrop, Schwartz & Tege, Iola Refining Company, of Titusville, Pa., and Union Refining Company, B. F. Brunded, Independent Refining Company and the Astral Refining Company Limited, of Oil City, Pa., which statements were audited and the amount of deduction, allowance, or rebate, fixed by the said defendant and appearing on said audited statements; that it also has the order, check or draft made upon the treasurer of said company defendant for the amount shown by each audited statement named above, signed by the general freight agent and controller, or one of them, during the period from October 1, 1880, to January 1, 1887; and that it also has the vouchers or receipts given by each of the above named shippers of crude or refined oil for such payment made by the treasurer of said defendant; and that the writings above named if produced, the plaintiffs are informed and believe, will show the amount of rebates, allowances and drawbacks paid by the defendant to other shippers upon oil shipped during the period above named, the said shipments being of a like character, and from the same points to the same points, as those upon which the plaintiffs' claim for overcharges in freight are based, under their statement of claim filed, and will show, as your petitioners are informed and believe, that the plaintiffs are entitled to recover the amount claimed in their statement of claim aforesaid."

Upon the foregoing, the plaintiffs prayed the court to make an order requiring the defendant to produce all the papers described in their custody or possession, in order that the plaintiffs might offer the same in evidence if they so desired. There-

upon the court granted a rule upon defendant to show cause why the order should not be made as prayed for.

An answer having been filed, which did not appear in the paper-books, the matter was argued and on July 26, 1889, the court filed the following opinion:

The motion is made under the provisions of the act of assembly, of February 27, 1798, § 1, 3 Sm. L. 303. This section is as follows:

" The Supreme Court and several courts of Common Pleas in this state shall have power in any action depending before them, on motion, and upon good and sufficient cause shown by affidavit or affirmation, and due notice thereof being given, to require the parties, or either of them, to produce books or papers in their possession or power which contain evidence pertinent to the issue."

This act giving to the courts power to compel the production of books and papers is to be construed in the same manner as a court of equity would grant a bill of discovery: Rose v. King, 5 S. & R. 241; Cottrell v. Warren, 18 Pa. 487 ; Cowles v. Cowles, 2 P. & W. 139. A bill of discovery will not be entertained in equity to aid the promotion or defence of any suit which is not purely of a civil nature. Thus, for example, they will not compel a discovery in aid of a criminal prosecution, or of penal action, or of a suit in its nature partaking of such a character; and it is against the general principles of equity to aid the enforcement of penalties or forfeitures: Story's Eq. Pl., §§ 521, 575, 576; 2 Danl. Ch. Pl., § 1557; Story's Eq. Jur., §§ 1319, 1494, 1509.

It has been decided in this state that the act of 1798 is not applicable to an action founded upon a tort: Morgan v. Watson, 2 Wh. 10. In Boyd v. United States, 116 U. S. 616, an act of congress which authorizes a court of the United States in revenue cases, on motion of the government attorney, to require the defendant or claimant to produce in court his private books and papers, or else the allegations of the attorney to be taken as confessed, was held to be unconstitutional and void, as applied to suits for penalties, or to establish a forfeiture of the party's goods. The ground of this decision is, that this act of congress is repugnant to the fourth and fifth amendments

of the constitution of the United States. It will be observed that these amendments are similar to and in substance the same as article 1, §§ 8 and 9 of the Declaration of Rights in the constitution of Pennsylvania, and in our opinion these sections are subject to the same construction as the fourth and fifth amendments of the constitution of the United States, as to the question now under consideration.

The remaining question for our determination is this : Is the plaintiffs' suit to recover or enforce a penalty? It may be claimed that by the first section of the plaintiffs' statement they do not seek to recover a penalty, but by an examination of the whole statement and the schedules attached thereto, referred to in both sections as counts thereof, we are driven to the conclusion that the suit is for the recovery of the penalty allowed by the act of assembly approved June 4, 1883, P. L. 72, and for no other matter or thing. That this is a penal statute, needs no citation of authorities.

We are of the opinion that the defendant cannot lawfully be compelled to produce, at the trial of this suit, the writings mentioned, and the motion is denied and the rule discharged.

On August 6, 1889, a motion for a re-argument was allowed, and rule granted. Afterward, on September 13, 1889, the plaintiffs were given leave to amend their statement of claim by adding thereto a third count, which was as follows :

" That the defendant is a railway company and was engaged in the business of conveying freight, as a common carrier, during the years 1881 to 1886, both inclusive, between various points named in the schedule attached to plaintiffs' statement, heretofore filed in this case, and that during said years the plaintiffs delivered to the defendant, as such common carrier, to be transported by it, a large quantity of petroleum, both refined and crude, from various points on the line of its road, to Thurlow, Philadelphia and Greenwich ; that the amounts and the points from and to which the said petroleum was shipped, are specifically set forth in the detailed and itemized schedule attached to the plaintiffs' claim, heretofore filed in this case, and which said schedule is again referred to and made a part of this count for the purpose of showing said points and amounts ; that the plaintiffs claim of the defendant

Opinion of Court below.

the sum of one hundred and seven thousand dollars ($107,000), being the amount of freight involuntarily paid by the plaintiffs upon the freight so shipped, as specified in said schedule aforesaid, which said sum so paid was paid involuntarily and without any knowledge on the part of the plaintiffs that the amounts charged them by the defendant for the services so performed by it, the defendant, as such common carrier, were any greater than the sums charged other persons for like services under similar circumstances; yet, so it is that the sums charged the plaintiffs for the services of the defendant, as such common carrier, instead of being the same as those which the defendant charged other persons for like services, under similar circumstances, are and were very much greater, to wit: the price or sum of twenty-eight cents a barrel more than the freight charged other persons for transporting the same class of freight between the same points; which charges so made by the defendant to the plaintiffs, and by them involuntarily paid, amount in all to a very large sum, to wit: the sum of one hundred and seven thousand dollars ($107,000), which said sum, so paid, the defendant owes to the plaintiffs, and has hitherto neglected and refused to pay, to the damage of the plaintiffs, in the sum of two hundred thousand dollars, and therefore they bring suit."

On October 15, 1889, a re-argument having been had, the court filed the following opinion and order:

The able arguments of the learned counsel for the plaintiffs have not convinced us that our former decision was wrong on the main question raised by the motion, and decided adversely to the plaintiffs, for the reasons given in the opinion filed July 26, 1889. We have carefully considered the position taken by the plaintiffs' counsel at the re-argument, that we may require the defendant corporation to produce the required writings, even though a natural person in a like case could not be called upon for their production. We are not able to agree with the reasoning. We think the rules of evidence and the rules of law for the production of writings, are essentially the same whether the defendant is a natural or an artificial person. But since the amendment to the plaintiffs' statement filed September 13, 1886, we think they are entitled to have produced such papers and writings described in their petition as will

show, or tend to show, unjust discrimination by the defendant against the plaintiffs prior to the passage of the act of June 4, 1883, P. L. 72.   It seems clear that, prior to the passage of this act, the defendant at most would only be liable to the plaintiffs for so much money, with interest thereon, as had been obtained in such manner that the law would stamp it as money had and received for the use and benefit of the plaintiffs.   In ordering the production of writings which may aid the plaintiffs in proving their claim for money had and received for their use by the defendant, prior to the act of June 4, 1883, supra, it cannot be said that we are aiding in the enforcement of the penalty under said act.

The order of July 29, 1889, discharging the rule to show cause, is reconsidered and modified so as to make the rule absolute, requiring the defendant to produce, at the trial of this case, all writings and papers in its possession or control, or in the possession or control of its officers, agents or employees, described or specified in the plaintiffs' petition on which the rule was granted, showing or tending to show unjust discrimination against the plaintiffs in the shipment of petroleum during the years of 1881, 1882, and up to and including June 3, 1883.

As to all writings and papers showing or tending to show such discrimination subsequent to June 3, 1883, we adhere to the former decision that we are without power to compel their production.   Both judges who sat at the re-argument, concur in the conclusions indicated in this opinion.

Thereupon the defendant company took this appeal, the certiorari taken being returnable to May 5, 1890; but on February 1, 1890, the plaintiffs filed in the Supreme Court a motion to quash the writ of certiorari and appeal, for the reason that no final order of judgment had been entered in the case.

*Messrs. Lee, Hastings & Crisswell, Messrs. Elliott, Jack & Roberts,* and *Messrs. Sherman & Grumbine,* for the motion.

Counsel cited: O'Hara v. Penna. R. Co., 2 Gr. 241; Chadwick v. Ober, 70 Pa. 264; Cake v. Cake, 106 Pa. 472; Schriver v. Eckenrode, 94 Pa. 456; Bouvier, L. D., 740; Gilpin v. How-

Statement of Facts.

ell, 5 Pa. 42; Cottrell v. Warren, 18 Pa. 487; Tuttle v. Loan Co., 6 Wh. 216; 1 T. & H. Pr. 549; Cowles v. Cowles, 2 P. & W. 139; Bossler v. Johns, 2 P. & W. 331; Davis v. Hood, 13 Pa. 171.

*Mr. Wayne MacVeagh*, contra.

Counsel cited: Cottrell v. Warren, 18 Pa. 487; Rose v. King, 5 S. & R. 241; Cowles v. Cowles, 2 P. & W. 139.

PER CURIAM:

We are all of opinion that the order complained of is merely interlocutory, and for this reason this appeal is

Quashed.