## Kine *v.* Forman, Appellant.

Argued April 23, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

164

*David Freeman,* for appellant.

*Albert S. Shaw, Jr.,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, October 9, 1963:

On December 17, 1937, Oscar Rosenbaum entered a judgment on a note, with a warrant of attorney for the confession of judgment, executed by Louis Forman and Max Forman and made payable to Dr. Israel Kine and Rosenbaum. This judgment has been kept alive by periodic revivals.[1]

Acting under Rule 3117, Pa. R.C.P., Rosenbaum notified Max Forman of the taking on June 6, 1962 of his oral depositions for the purpose of discovery of his assets in aid of execution on the judgment. At the time of such oral depositions, Max Forman admitted he had served as secretary-treasurer of Crown Wallpaper Co., a corporation, for more than 15 years, that he had made no gifts nor transferred any property to his wife and that he had no assets except three suits and an insurance policy. He was asked and refused to answer the following questions: (a) whether his wife was a stockholder in Crown Wallpaper Company; (b) whether his wife owned any real estate; (c) the name of his wife's employer; (d) the identity of the stockholders of Crown Wallpaper Company; (e) to produce the joint income tax returns of himself and his wife. The basis for Max Forman's refusal to answer these questions and produce the returns was the Act of May 23, 1887, P. L. 158, §5(c), 28 PS §317, as amended, which provides, in substance, that one spouse is incompetent to testify against the other.

---

[1] In *Kine v. Forman,* 404 Pa. 301, 172 A. 2d 164, this Court affirmed the action of the Court of Common Pleas of Philadelphia County discharging a rule to strike the judgment from the record.

A motion for sanctions against Max Forman was presented to the Court of Common Pleas of Philadelphia County and, on September 25, 1962, Judge GOLD entered an order directing Max Forman to answer the questions and produce the tax returns. From that order this appeal was taken.

It is clear that the appeal from this order must be quashed. The order is clearly interlocutory and there is no statutory authority providing for an appeal from such an interlocutory order. See: *Logan v. Penna. R. Co.*, 132 Pa. 403, 19 A. 137 (appeal from refusal of a party to produce certain writings) ; *Whetsel v. Shaw*, 343 Pa. 182, 22 A. 2d 751 (order directing a defendant in a trespass action to sign a consent authorizing the examination of hospital records and X-rays) ; *Young v. Bradford County Telephone Co.*, 346 Pa. 90, 29 A. 2d 533 (order for production of records) ; *Commonwealth v. Mellon National Bank*, 360 Pa. 103, 61 A. 2d 430 (order directing issuance of subpoena duces tecum) ; *Mackowain v. Gulf Oil Corp.*, 369 Pa. 581, 87 A. 2d 314 (order directing a plaintiff to answer written interrogatories) ; *Schulz v. Schulz*, 168 Pa. Superior Ct. 456, 78 A. 2d 882 (order granting petition to examine books and records to prepare pleadings). Cf: *International Coal Mining Co. v. Penna. R. R. (No. 1)*, 214 Pa. 469, 63 A. 880 (an order directed a witness, *who was not a party to the litigation,* to answer a question on deposition held final and appealable).

That which this Court said in *Mackowain v. Gulf Oil Corp.,* supra, 583, is applicable: "We are not unmindful of the importance of the questions sought to be raised by this appeal, but 'The law aims to dispose of litigation by a single appeal and preliminary orders are not appealable in advance of final judgment except when made so by statute.' [citing cases]. The course suggested by appellant has frequently been proposed. Justice SADLER answered such suggestion in

166

American Trust Co. v. Kaufman, 279 Pa. 230, 123 A. 785, in these words, p. 233: '. . . it must be kept in mind, permission to appeal from intermediate decrees tends to delay disposition of the controversy, and an attempt to obviate a supposed inconvenience may result in more harm than good. The wisdom of such a change is, however, not for us to pass upon, and, until ordered by some statute, the long established principle, that review can be had only when the action has terminated below, must control.' "[*]

Appeal quashed. Costs on Formans.

---

[*] Had the court, upon refusal of the party to answer the questions, imposed sanctions, the order would have been final and appealable.