## Welsh Realty Co., Inc. v. Philadelphia Electric Co.

*Richard C. Glaze*, for plaintiff.
*Patrick W. Kittredge*, for defendant.

GREENBERG, *J.*, October 5, 1978—Presently before the court is plaintiff's motion for sanction order under Pa.R.C.P. 4019(a).

The factual setting of this case is as follows.

Plaintiff filed a motion for production of documents, which was granted by the Hon. Eugene Gelfand on February 9, 1977, compelling defendant to produce *all* documents involved herein. On March 16, 1977, defendant's counsel filed its first petition for reconsideration or in the alternative, motion for

protective order to which plaintiff filed an answer on March 21, 1977.

The parties thereafter entered into an agreement, dated December 20, 1977, concerning the disposition of plaintiff's motion for production of documents. In said stipulation counsel agreed that certain documents would be produced and further agreed to submit those documents on which they could not agree for an in camera review by the court to determine whether or not the documents should be produced or whether they were immune from discovery on the ground that they either were prepared in anticipation of litigation or in preparation for trial and/or contained expert opinion.

Part of the stipulation included a specific agreement with respect to certain disputed documents leaving it to the court to "render a decision on the merits based on the parties respective memoranda and oral arguments." The parties involved herein did submit legal memoranda as to those items and on February 2, 1978 oral argument was held before this court.

On February 16, 1978, we denied plaintiff's motion as to certain documents and granted it as to others and ordered defendant to furnish the latter documents to plaintiff. Counsel for defendant thereupon filed a petition to amend our order of February 16, 1978 to include a statement pursuant to section 501(b) of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, 17 P.S. §211.501, to which plaintiff filed an answer on March 14, 1978. Since this matter involved pre-trial discovery of documents and not any precedent setting or complex issues we denied the petition.

Plaintiff's counsel by letter dated March 28, 1978, requested that defendant produce the documents

as ordered by us. Counsel for defendant did not furnish same and on April 3, 1978, filed a petition for writ of prohibition and supersedeas in the Superior Court of Pennsylvania. Defendant advanced as a basis for this unusual request for relief that during oral argument we indicated that under the proposed new discovery rules the items in question would be discoverable and that our ruling was based on that and that this represented such a departure from the present rules and law which, defendant alleged, would preclude discovery of the documents in question, as to require the immediate intervention of an appellate court. Defendant contended that in making our decision we committed such error that as a matter of law it amounted to an abuse of the jurisdiction of this court.

Plaintiff was required to and did respond in detail and provided to the Superior Court of Pennsylvania on April 11, 1978 its answer and memorandum of law to defendant's writ of prohibition against the Hon. Stanley M. Greenberg. On April 26, 1978, the Superior Court per curiam denied defendant's petition.

Plaintiff's counsel again requested that defendant produce the documents in question by letter dated May 1, 1978. Counsel for defendant did not comply with this request and filed a petition for writ of prohibition and application for stay with the Supreme Court of Pennsylvania, to which plaintiff filed answer on May 19, 1978. The basis for this petition was substantially the same as that contained in defendant's petition for writ of prohibition and supersedeas filed in the Superior Court. On June 7, 1978, defendant's petition for writ of prohibition and application for stay were denied per curiam.

Plaintiff now seeks a sanction order from this court to compel production of those documents which were ordered to be produced by our order of February 16, 1978, within 48 hours or a default judgment be entered in favor of plaintiff and against defendant. In addition, plaintiff requests an award of counsel fees and costs in the amount of $1130 to cover the work necessitated in answering the various petitions filed by defendant after our original order was entered.

Defendant responds to plaintiff's present motion first by submitting that plaintiff has, in fact, received the various documents which we had ordered to be produced by defendant; therefore, that portion of plaintiff's motion for a default judgment against defendant has been rendered completely moot.

Second, in response to that portion of plaintiff's motion requesting counsel fees, defendant argues that it should not be penalized for invoking those remedies available to any party under the Pennsylvania Rules of Civil Procedure. Defendant contends that it has acted in good faith at all times sincerely believing that the documents plaintiff sought were not discoverable under the applicable Pennsylvania Rules of Civil Procedure.

Furthermore, defendant submits that there is no authority for this court to impose attorney's fees and expenses as sought by plaintiff. As enumerated by several subdivisions of Rule 4019, it argues, counsel fees may only be awarded in the specified situations. Defendant argues that the sanction of counsel fees sought by plaintiff in the instant case is unauthorized because the situation involved herein does not fall within any of the designated categories.

We agree with defendant's contention that plaintiff's request for an order compelling production of the previously ordered documents has been rendered moot. The parties have informed this court by letters dated June 28, June 30 and July 10, 1978, that all court ordered documents have been produced by defendant to plaintiff. Therefore, we need not concern ourselves with this aspect of plaintiff's motion.

However, it is evident that counsel fees are justified in this matter. Defendant's subsequent proceedings, which plaintiff was compelled to answer and contest, unnecessarily and without justification, expended the time of this court, the Superior Court and the Supreme Court.

Pa.R.C.P. 4019 provides, in pertinent part: "(a) The court may, on motion, make an appropriate order if . . . (3) a party . . . refuses . . . to obey an order of court . . . made under Rule 4009 to produce any tangible thing for inspection, copying, or photographing . . . "

This section then goes on to specify which sanctions may be imposed in particular situations. However, contrary to defendant's contention, the sanctions specified in Rule 4019 are not all inclusive. Rule 4019 is not a limiting rule; it does not restrict the court to the particular sanctions which are listed; it does not deprive the court of any of its inherent powers to compel compliance with its order. The rule is an enabling rule; it gives the court specific and definite powers of sanction, without regard to whether the court could impose such sanctions under its inherent powers; it also provides sanctions for disobedience of these rules in instances where no order of the court is involved: 10 Goodrich-Amram 2d §4019:1, 598.

Thus, we are not limited to imposing sanctions

only in the situations specifically listed in Rule 4019. It is the intent of this section to allow the court to impose those sanctions which it deems appropriate under the circumstances of the particular situation. In the circumstances involved herein, counsel fees and expenses are the appropriate sanction.

Defendant, instead of complying with our order compelling production of the documents involved herein unnecessarily filed motions in order to avoid production of the documents. This order was interlocutory and was not appealable at that time: Kine v. Forman, 412 Pa. 163, 194 A. 2d 175 (1963); 9 Standard Pa. Pract. 46, §50. In spite of this, defendant insisted on thwarting the Pennsylvania Rules of Civil Procedure and avoided the spirit of the discovery rules, by filing motions for extraordinary relief in order to circumvent the interlocutory nature of our order.

Defendant based its petition to the Superior and Supreme Courts on the ground that we ruled on it in accordance with the proposed discovery rules, rather than with the law as it presently stands. This argument has no merit whatsoever. At oral argument this court did mention the proposed rules, but it was not stated that they would be the basis for any ruling. The proposed rules were cited merely in exploring again the possibility that defendant would agree to furnish the information requested without the necessity of an order of this court. The order of February 16, 1978 was based on this court's interpretation of the law as it existed at that time.

Defendant has insisted on focusing on what can only be termed a "non issue." This court acted properly and defendant has unfairly seized upon one point of discussion, out of context, to argue that this was the sole determining factor in the court's decision.

Aggressive advocacy is commendable; wasting judicial time is not: Hirsch v. Merzow, 72 D. & C. 2d 736 (1975).

Defendant should be and will be required to pay reasonable compensation for the course of action it chose to follow in this case.

Defendant was made aware of our attitude as to the interlocutory nature of the order when we refused to amend our order to certify that an appeal would expedite the disposition of the matter. When defendant then chose to proceed as it did, requesting extraordinary relief and citing out of context our reference to the proposed new rules, as a basis for such relief, it took a calculated risk. This is not a situation of a party exercising the usual or normal right of appeal. Defendant was well aware that our order was unappealable and that in order to do it would have to first get a certification from us. When this was not forthcoming because the matter was neither complex nor precedent setting nor would it advance the ultimate disposition of the case, defendant resorted to the unusual and extraordinary remedy of a petition for writ of prohibition alleging that the ruling was not just erroneous but such a departure from proper judicial proceedings as to warrant immediate appellate intervention. When defendant did this and further attempted to buttress its position by selecting and quoting out of context from some matters which were discussed at the oral argument it was much more than a situation where a party "has merely sought to exercise its rights and the remedies available to it and any other civil litigant under the Pennsylvania Rules of Civil Procedure."

Rather it was an ill conceived attempt to avoid compliance with a proper order of the court which defendant then knew was unappealable. Defend-

ant could have avoided all the unnecessary work involved by furnishing the documents to plaintiff as it now has done.

If any harm or prejudice results in the form of an adverse verdict to defendant from compliance with the order its right to appeal was preserved. There was and is no valid reason for defendant's attempt to involve the unusual remedy it sought in its unsuccessful petition for a writ of prohibition.

This is especially so when defendant petitioned the Supreme Court after a per curiam denial by the Superior Court.

Where a civil litigant chooses this course of action in an attempt to avoid compliance with an order sanctions are proper and should be imposed. Accordingly we entered the order granting plaintiff's motion and awarding reasonable counsel fees to plaintiff.

## ORDER

And now, October 5, 1978, plaintiff's motion for sanctions is granted in part and defendant is hereby ordered to pay to plaintiff counsel fees and expenses in the amount of $1130 in accordance with the accompanying memorandum opinion. That portion of plaintiff's motion seeking an order to compel production of documents is denied without prejudice as moot, said documents having been furnished by defendant.