J-A13024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE MADLYN AND LEONARD ABRAMSON CENTER FOR JEWISH LIFE | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MITCHELL M. NOVITSKY AND DEENA SPINDLER, PERSONAL REPRESENTATIVES OF ABRAHAM NOVITSKY, DECEASED | : : : : : : | No. 2933 EDA 2016 |
| Appellant | : : : | |

Appeal from the Order Entered August 4, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 2010-05796

BEFORE:   LAZARUS, J., OTT, J. and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                           **Filed August 4, 2017**

Mitchell M. Novitsky and Deena Spindler, as Personal Representatives

of Abraham Novitsky, Deceased,[1] appeal from the order entered August 4,

2016, in the Montgomery County Court of Common Pleas, granting the

motion for discovery sanctions filed by The Madelyn and Leonard Abramson

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Mitchell Novitsky and Deena Spindler are the son and daughter, respectively, of Rabbi Abraham Novitsky.  Hereinafter, we will refer to Mitchell and Deena as "the Personal Representatives," and to Rabbi Novitsky as "Decedent."

Center for Jewish Life (hereinafter, "Abramson Center"). Specifically, the court directed the Personal Representatives to pay Abramson Center: (1) a daily fine of $25.00 until they complied with the court's May 16, 2014, order directing them to provide full and complete answers to Abramson Center's interrogatories in aid of execution of judgment, and (2) counsel fees in the amount of $250.00 within 20 days. For the reasons below, we reverse and remand for further proceedings.

The relevant facts underlying this appeal are gleaned from the trial court's opinion and the certified record. Abramson Center is a nursing care facility in which Decedent's wife, Florence Novitsky, resided sometime prior to her death. In March of 2010, Abramson Center filed a breach of contract action against Decedent claiming he failed to pay an outstanding balance for his wife's care, and, in fact, had diverted more than $700,000.00 from joint bank accounts to avoid making those funds available for payment.[2] The original complaint sought a decree of specific performance. Abramson Center was later permitted to amend the complaint to seek an award of damages.

During the pendency of the contract action, Decedent moved to the state of New York. He resided there until his death in March of 2011.

---

[2] Abramson Center averred that a provision of the parties' contract precluded Decedent from diverting funds available to pay for his wife's skilled nursing care. *See* Amended Complaint, 9/7/2010, at ¶¶ 4-5.

Thereafter, the Personal Representatives, were substituted as parties in this action. The case proceeded to arbitration, and on December 13, 2012, an arbitration panel found in favor of Abramson Center, and entered an award against the Estate in the amount of $50,000.00. The Personal Representatives attempted to file an appeal from the arbitration award on behalf of the Estate, but did so improperly.[3] Consequently, judgment was entered on the arbitration award on January 24, 2013. That final judgment remains unchallenged.

In June of 2013, Abramson Center served the Personal Representatives with interrogatories to aid in the execution of the judgment.[4] After the Personal Representatives failed to respond, Abramson Center filed a motion to compel on July 29, 2013. The Personal Representatives filed a timely response on August 5, 2013, asserting, *inter alia*, the Montgomery County court had no jurisdiction "over this matter,"

_____

[3] Attendant to their notice of appeal, the Personal Representatives requested permission to appeal *in forma pauperis*. However, when the court denied their request, the Personal Representatives failed to pay the required fees. Accordingly, their notice of appeal was subsequently stricken from the record. *See* Order, 4/8/2013.

[4] We note that, after Decedent's death, his estate was probated in New York. From what we can discern, Abramson Center sought an accounting in the probate action, but ultimately received no funds from the Estate, presumably because the Estate had less than $30,000.00, exclusive of jointly-held property or other assets payable to a beneficiary. In December of 2014, the New York Surrogate Court judge approved the final account of the Estate, and discharged the Personal Representatives.

and Abramson Center had "already asked all of the questions in the []
interrogatories at the previous PA arbitration hearing[.]" Response to
[Abramson Center's] Motion to Compel Rabbi Abraham Novitsky, Deceased,
to Answer [Abramson Center's] Interrogatories, 8/5/2013, at ¶¶ 1-2.
However, when the Personal Representatives failed to appear at the hearing
on the motion to compel, the trial court judge, the Honorable Joseph A.
Smyth, entered an order, on May 16, 2014, granting Abramson Center's
motion and directing the Personal Representatives "make full and complete
answers to the Interrogatories within twenty (20) days[.]" Order,
5/16/2014. The Personal Representatives responded to the court's order by
filing a motion to dismiss and purported answers to the interrogatories on
May 27, 2014.[5]

_____

[5] The Personal Representatives attached to their answer a copy of the
request for interrogatories. That document is dated November 16, 2012,
which was **before** the arbitration hearing in the underlying case was
conducted on December 13, 2012. **See** Answers to Interrogatories,
5/27/2014, at 7. However, in its July 2013 motion to compel, Abramson
Center sought answers to **interrogatories in aid of execution of the
arbitration judgment**, which it averred it had served on the Personal
Representatives on June 3, 2013. **See** [Abramson Center's] Motion to
Compel [the Personal Representatives'] Answers to Interrogatories in Aid of
Execution, 7/29/2013, at ¶ 2. Accordingly, it is unclear from the record
whether the Personal Representatives filed answers to the correct
interrogatories.

Furthermore, during the August 4, 2016, sanctions hearing, counsel
for Abramson Center stated the purported answers the Personal
Representatives provided were "anything but" full and complete responses.
N.T., 8/4/2016, at 18. Rather, counsel explained that, in response to its
request for information regarding specific bank accounts, the Personal
*(Footnote Continued Next Page)*

Thereafter, on February 27, 2015, Abramson Center filed a motion for sanctions, asserting, *inter alia*, the Personal Representatives did not comply with the court's May 16, 2014, order. It requested the court order the Personal Representatives to pay a daily fine of $25.00 until they fully comply, in addition to $250.00 in attorney's fees. **See** [Abramson Center's] Motion for Sanctions, 2/27/2015. The Personal Representatives filed a response asserting, *inter alia*, that Abramson Center had already received the requested information in the New York Surrogate Court, and, in any event, they had filed answers to the interrogatories. The trial court scheduled a hearing for June 10, 2015. However, prior to the hearing, the court received a continuance request.[6] The court granted the request on June 10, 2015. In an order/memorandum filed that same day, the trial court noted the Personal Representatives, who had been proceeding *pro se*, lacked a "proper understanding of the procedures and rules of court" such that they might "prejudice the rights of the estate to which they owe fiduciary duties[.]" Trial Court Order/Memorandum, 6/10/2015, at 2. Therefore, the court also directed the Personal Representatives "engage a

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

Representatives responded that Abramson Center should "ask the rabbi, the deceased rabbi" and kept filing "over and over again" a three-page document "which is not responsive." **Id.** at 18-19. Abramson Center averred it never received the specific information it requested. **See id.**

[6] The continuance request was not filed or included in the certified record.

licensed Pennsylvania attorney, who shall enter an appearance in this Court within sixty days[.]"[7] *Id.* The court stated the Personal Representatives "may not be heard further in this Court unless and until" they hire an attorney. *Id.* Further, the court dismissed all unresolved motions filed by the Personal Representatives until such time that the claims could be reviewed by an attorney. *See id.* at 3-4.

Rather than comply with the court's order, the Personal Representatives filed a *pro se* "Reply to Judge Smyth's Order," accompanied by more than 200 pages of documentation, in which they stated, once again, that (1) they had filed answers to the interrogatories and (2) there were no funds left in the estate. *See* Reply to Judge Smyth's Order, 7/6/2015. The Personal Representatives filed a second *pro se* reply on August 6, 2015, stating the accounting for the decedent's estate was approved by the New York Surrogate Court in December of 2014, that they were discharged as executors at that time, and that they could not afford to personally hire an attorney for the estate. *See* Second Reply to Judge Smyth's Order, 8/6/2015, at 1-2. Thereafter, on November 10, 2015, Judge Smyth entered an order rescheduling the hearing on Abramson Center's motion for

---

[7] The trial court noted Mitchell Novitsky claimed to be a licensed attorney in New Jersey. Accordingly, the court stated Novitsky could "continue to represent the estate, but only upon complying with the procedures of the Pennsylvania Bar Admission Rules, Pa.B.A.R. 301, for admission *pro hac vice*." Trial Court Order/Memorandum, 6/10/2015, at 3.

sanctions to December 1, 2015. *See* Order, 11/10/2015. Noting that the Personal Representatives had failed to hire an attorney for the Estate in the requisite time period, the court also directed the Estate "may not appear or be heard at the hearing except through an attorney licensed to practice law in the State of Pennsylvania." *Id.* at 2.

Once again, the Personal Representatives filed a *pro se* reply to Judge Smyth's November 10th order, repeating their claims that the requested information was provided in the New York case and that the Estate had no funds, as well as requesting the court order Abramson Center to pay the costs for the Estate's attorney and their personal travel expenses because "the need to hire an attorney at this time is solely due to [Abramson Center's] motion." Reply to Judge Smyth's Order, 1/27/2016, at 2. The hearing was continued twice, and ultimately rescheduled for August 4, 2016, before Judge Bernard Moore.

That day, the sanctions hearing proceeded as scheduled. Although the Personal Representatives failed to obtain legal counsel for the estate, Judge Moore permitted them to participate in and testify at the sanctions hearing. *See* N.T., 8/4/2016, *passim*. At the conclusion of the hearing, the trial court entered an order granting Abramson Center's motion for sanctions and directing the Personal Representatives as follows:

> IT IS FURTHER ORDERED that [Personal Representatives] shall pay a daily find of $25.00 to the use of [Abramson Center] until [Personal Representatives] comply with this Court's Order of May 16, 2014, requiring [Personal Representatives] to make full and complete answers to interrogatories; and

- 7 -

IT IS FURTHER ORDERED that counsel fees of $250.00 are awarded to [Abramson Center] and against [Personal Representatives] as compensation for the preparation, service, and presentation of this motion and same shall be paid by [Personal Representatives] within twenty (20) days of the date of this Order or appropriae sanctions will be imposed upon [Personal Representatives] following application to this Court.

Order, 8/4/2016. Thereafter, the Personal Representatives filed answers to the interrogatories on August 10, 2016, and supplemental answers on August 19, 2015. They also filed a motion for reconsideration of the trial court's sanction order, which the court denied on August 25, 2016. This timely appeal followed.[8]

Before we consider the substantive claims raised on appeal, we must first address the appealability of the order in question. "[T]he appealability of an order goes directly to the jurisdiction of the Court asked to review the order." *Veloric v. Doe*, 123 A.3d 781, 784 (Pa. Super. 2015) (quotation omitted).

In its opinion, the trial court suggests the order on review is interlocutory and unappealable. *See* Trial Court Opinion, 10/24/2016, at 3 n.3. In response, this Court issued to the Personal Representatives a rule to

---

[8] On August 30, 2016, Abramson Center filed a praecipe in the trial court seeking to strike the notice of appeal because it was not filed by a licensed Pennsylvania attorney in contravention of Judge Smyth's November 10, 2015, Order. The trial court took no action on the praecipe and Abramson Center has not filed a brief in this appeal.

Moreover, we note the trial court did not direct the Personal Representatives to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

show cause why the appeal should not be quashed, noting that, in general, discovery orders are not final and unappealable. *See* Rule to Show Cause, 10/27/2016, *citing* **T.M. v. Elwyn, Inc.**, 950 A.2d 1050 (Pa. Super. 2008). The Personal Representatives filed a timely response arguing, *inter alia*, this Court should accept the appeal because the discovery order in question relates to post-litigation discovery. *See* Response to Rule to Show Cause, 11/3/2016, at 2. We agree.

Generally, an appeal lies only from a final order, which is defined as "any order that … disposes of all claims and of all parties." Pa.R.A.P. 341. Because most discovery orders are not final, they are generally unappealable. **T.M.**, *supra*, 950 A.2d at 1056. **But see id.** (holding discovery order involving privileged material is appealable as collateral order).

> As a general rule, this Court will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, we will not review discovery or sanction orders prior to a final judgment in the main action.

**McManus v. Chubb Grp. of Ins. Companies**, 493 A.2d 84, 87 (Pa. Super. 1985).

However, in the present case, the discovery sanction was imposed **after** a final judgment was entered in the action. Our research has uncovered two, related cases which appear to support the appealability of the order in question. In **Kine v. Foreman**, 194 A.2d 175 (Pa. 1963), the plaintiff entered a confession of judgment against the

defendants. Thereafter, the plaintiff sought to take the deposition of one of the defendants "for the purpose of discovery of his assets in aid of execution on the judgment." *Id.* at 176. The defendant refused to answer certain questions and produce his tax returns, claiming spousal privilege. Consequently, the plaintiff filed a motion for sanctions, which the court granted. The court ordered the defendant to answer the questions and produce his tax returns. *See id.* The defendant filed an appeal, which the Supreme Court quashed as interlocutory. However, in a footnote, the Court stated: "Had the [trial] court, upon refusal of the party to answer the questions, imposed sanctions, the order would have been final and appealable." *Id.* at 177 n.2.

On remand, that is what subsequently occurred. *See Kine v. Foreman*, 209 A.2d 1 (Pa. Super. 1965) (*en banc*). After the defendant later refused to answer questions or produce his tax returns, the trial court imposed a fine of $200 and counsel fees in the amount of $100. *See id.* at 2. The defendant appealed, and an *en banc* panel of this Court affirmed the sanctions order, although it did not specifically discuss the appealability of the order in question.[9] *See id.*

Similarly, in the present case, we find the trial court's August 4, 2016, order, granting Abramson Center's motion and imposing monetary sanctions

---

[9] Neither of the parties appealed the decision.

- 10 -

on the Personal Representatives, is appealable. It is significant that the discovery herein was sought, and the sanctions were imposed, post-judgment. Indeed, a final judgment was entered in January of 2013, and the time for filing an appeal has long expired. Accordingly, there is no reason to delay consideration of the sanctions order, and we decline to quash this appeal.

With regard to the substantive claims raised by the Personal Representatives, we note that their *pro se* brief is disjointed, repetitive, and includes pages of extraneous information that is irrelevant to the sanctions order on appeal. Indeed, the Personal Representatives seem to ignore the fact that this breach of contract action was filed in the Montgomery County Court of Common Pleas **before** Decedent's death, and a final judgment was **properly entered** against Decedent's Estate on December 13, 2012. Any present attempt to challenge that underlying judgment is now moot.

The gravamen of the Personal Representatives' claims is two-fold. First, they contend the trial court abused its discretion by imposing sanctions when (a) the Estate is now closed, (b) the information sought in the interrogatories was previously provided, (c) the Personal Representatives complied with the motion to compel, and (d) Abramson Center failed to comply with the local rules of civil procedure. **See** Personal Representatives' Brief at 21, 23, 25. Second, the Personal Representatives maintain the trial court abused its discretion in requiring them to hire an attorney licensed to practice in Pennsylvania. **See id.** at 23. They contend the trial court "has

discriminated against the estate from the very beginning" and "completely ignored" the Personal Representatives because they were out of state defendants proceeding *pro se*. ***Id.***

We review a discovery order, and a trial court's imposition of sanctions for violation of that order, under an abuse of discretion standard. ***See Saint Luke's Hosp. of Bethlehem v. Vivian***, 99 A.3d 534, 540 (Pa. Super. 2014) (citations omitted), *appeal denied*, 114 A.2d 417 (Pa. 2015). Here, the trial court disposed of the Personal Representatives' appeal as follows:

> For over two years, [the Personal Representatives] failed to provide full and complete responses ordered by Judge Smyth. Though [the Personal Representatives] attempted to excuse their actions by arguing the requested information was provided to the parties in a New York lawsuit, a party cannot withhold discoverable information on the ground that the requesting party could obtain the information elsewhere. ***See Eigen v. Textron Lycoming Reciprocating Engine Div.***, 874 A.2d 1179, 1189–90 (Pa. Super. 2005).
>
> [The Personal Representatives] were ordered to serve "full and complete" responses to Interrogatories in May of 2014. They failed to do so prior to the hearing on the Motion for Sanctions in August of 2016. [The Personal Representatives] were also ordered to obtain the services of a licensed Pennsylvania attorney to represent the estate. Again, [they] failed to comply. After a thorough review of the testimony and evidence, it is this Court's opinion that [the Personal Representatives'] failure to comply with a court order for over two years merits the sanctions imposed. Based on these failures of [the Personal Representatives] to comply with the two Orders entered, this court properly granted the Motion for Sanctions.

Trial Court Opinion, 10/24/2016, at 3-4.

First, we find the fact the Estate is now closed did not preclude the trial court from sanctioning the Personal Representatives for their failure to

- 12 -

comply with a discovery order. Indeed, at the time the motion to compel was granted in May of 2014, the Estate was still open, and the Personal Representatives had been properly substituted as the representatives of the decedent's estate.[10] Therefore, the fact that the Estate, probated in New York, was later closed, and the Personal Representatives were then discharged, does not excuse their **prior refusal** to comply with the trial court's May 2014 motion to compel. Nor does the fact the Abramson Center may have been able to obtain the answers to the interrogatories in the New York court action provide the Personal Representatives with grounds for relief. As a panel of this Court has previously explained, the discovery rules "would be largely meaningless if a party could falsely withhold discoverable information on the ground that the requesting party could obtain it elsewhere[, and would] inject all manner of gamesmanship and second-guessing into the discovery process." *Eigen*, *supra*, 874 A.2d at 1189-1190.

The Personal Representatives also assert, however, that Abramson Center failed to comply with Montgomery County Rule of Civil Procedure

---

[10] After decedent died in March of 2011, Abramson Center filed a Suggestion of Death on June 12, 2012, followed by a praecipe for substitution of Mitchell and Deena as the personal representatives of Decedent. *See* Praecipe, 6/28/2012. The resultant arbitration award and judgment was entered against Mitchell and Deena as Personal Representatives. *See* Arbitration Award, 12/12/2012.

208.2(e) when it filed the motion for sanctions. The local rule states, in relevant part:

> Any motion relating to discovery must include a certification by counsel for the moving party that counsel has conferred or attempted to confer with all interested parties in order to resolve the matter without court action. This certification language is included on the cover sheet of moving party required by Local Rule 208.3 (b). By checking the appropriate box on the cover sheet of the moving party, and signing the certification section of the cover sheet, counsel for the moving party will satisfy the certification requirement under this Rule.

Mont.Co.R.C.P. 208.2(e). *See* Personal Representatives' Brief at 23. The Personal Representatives assert that, at a minimum, Abramson Center "had an obligation to call [them] and narrow down the interrogatory requests, based on everything that was already submitted in NY and PA, before filing the motion for sanctions[.]" Personal Representatives' Brief at 23. Further, they insist they provided "over one hundred pages of documents" in response to the court's July 2013 motion to compel. *Id.* at 25.

The trial court did not address this claim in its opinion. Moreover, in the motion for sanctions, Abramson Center specifically averred, "[a]s of February 26, 2015, [it] has not received [Personal Representatives'] answers to Interrogatories." Motion for Sanctions, 2/27/2015, at ¶ 5. This statement is misleading at best. In response to the trial court's May 2014, motion to compel, the Personal Representatives did file answers to the interrogatories. Although Abramson Center may (justifiably) believe those answers were incomplete, contrary to the implication in the motion, the Personal Representatives did not **ignore** the court's order to compel.

- 14 -

Moreover, absent a local Rule 208.2(e) certification, Abramson Center failed to establish it made a good faith effort to resolve the dispute before filing the motion for sanctions.[11]  Consequently, under these circumstances, we are constrained to conclude the trial court abused its discretion by failing to consider Abramson Center's violation of local Rule 208.2(e) before granting its motion for sanctions.

We also find the court abused its discretion in sanctioning the Personal Representatives for failing to obtain an attorney pursuant to the court's June 20, 2015, order.  The court's original order relied upon the decision of the Commonwealth Court in *In re Estate of Rowley*, 84 A.3d 337 (Pa. Commw. 2013), *appeal denied*, 97 A.3d 746 (Pa. 2014), *cert. denied*, 135 S.Ct. 1720 (U.S. 2015).[12]  We find the facts of the present matter are distinguishable.

_____

[11] Indeed, when Mitchell testified during the sanctions hearing that he "never even got a phone call from [Abramson Center's counsel]" regarding any of the interrogatory answers he submitted, rather than dispute this claim, Abramson Center's counsel asked Mitchell:  "Can you cite the rule that requires an attorney to make a phone call before filing a motion?"  N.T., 8/4/2016, at 53.  Mitchell was unable to recall the specific rule at that time. *See id.*

[12] We note that "[t]his Court is not bound by decisions of the Commonwealth Court[,]" however, we may consider their decisions as persuasive authority when appropriate.  *Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010) (quotation omitted), *appeal denied*, 12 A.3d 317 (Pa. 2010)

- 15 -

In **Rowley**, the Commonwealth Court affirmed an order of the trial court granting a motion to dismiss a petition to vacate a judicial tax sale. The *pro se* appellant was the administrator of the estate, which owned the property subject to the tax sale. **See id.** at 339. The Westmoreland County Tax Claim Bureau moved to dismiss the appellant's petition, contending the *pro se* appellant was "engaging in the unauthorized practice of law by representing the Estate." **Id.** On appeal, the Commonwealth Court agreed, noting: "It is well settled that with a few exceptions, non-attorneys may not represent parties before the Pennsylvania courts and most administrative agencies." **Id.** at 340. The Commonwealth Court further explained:

> Our Supreme Court has held that what constitutes the practice of law must be determined on a case-by-case basis, and explained that in making such a determination, a court "must keep the public interest of primary concern, both in terms of the protection of the public as well as in ensuring that the regulation of the practice of law is not so strict that the public good suffers." **Harkness v. Unemployment Compensation Board of Review**, 591 Pa. 543, 551, 920 A.2d 162, 167 (2007). In **Harkness**, the factors our Supreme Court considered in determining whether a person should be able to represent the interests of another before an *administrative agency* were whether the proceedings by design are intended to be brief and informal, not intended to be intensely litigated; whether the evidentiary rules apply; the amounts generally at issue in proceedings of that type; whether there is prehearing discovery; whether normally only questions of fact and not complex legal issues are involved; and whether the fact-finder is not required to be a lawyer.

**Id.** at 341 (emphasis in original and footnote omitted). The Court also cited a federal circuit court decision which held "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or

creditors other than the litigant." ***Id.*** at 342, *quoting* **Pridgen v. Andresen**, 113 F.3d 391, 393 (2nd Cir. 1997). Because, in the case before it, there were other parties that might be affected by the tax sale proceedings, namely the appellant's brother in law and a creditor, the Commonwealth Court affirmed the trial court's order requiring the appellant to obtain counsel. ***See id.***

The case herein, however, presents a different factual situation. First, the Personal Representatives were representing the Estate in a post-litigation discovery matter. The underlying arbitration judgment is final, and the probate of the Estate was closed in New York in December of 2014. Therefore, allowing the Personal Representatives to proceed *pro se* at this time, will not prejudice any third parties. Further, the issues involved concern only questions of fact, none of which require a lawyer to resolve. ***See Rowley***, ***supra***, 84 A.3d at 341, *citing* **Harkness**, ***supra***. Accordingly, we find Judge Smyth abused his discretion in his June 10, 2015, order when he required the Personal Representatives to obtain Pennsylvania counsel, and, later, sanctioned them for failing to do so.[13]

Therefore, because the Personal Representatives complied, at least minimally, with the trial court's order to compel, and Abramson Center failed

---

[13] Considering the numerous, repetitive *pro se* filings submitted by the Personal Representatives, many of which did not respond to the particular claim at issue, we understand what led the court to direct the Personal Representatives to obtain counsel.

to establish it made a good faith effort to resolve the dispute before filing the motion for sanctions, we are compelled to conclude the trial court abused its discretion in granting Abramson Center's motion for sanctions.[14] Accordingly, we reverse the order on appeal and remand for further proceedings.[15]

Order reversed, and case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2017

---

[14] We certainly understand the trial court's frustration that this case is still lingering in the Montgomery County Court of Common Pleas four years after judgment was entered and two years after the Personal Representatives were directed to provide the requested discovery.

[15] Nothing in our discussion precludes the trial court from granting a motion for sanctions at a later stage in these proceedings if the Personal Representatives fail to comply with orders of the court.